DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Williams County Court of Common Pleas after defendant-appellant, Lawrence C. Coulon, entered pleas of guilty to one count of aggravated burglary, one count of rape with a firearm specification, one count of kidnapping, and one count of burglary.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738. Counsel for appellant asserts that after reviewing the record on appeal and researching the case and statutory *Page 2 
law relating to potential issues disclosed by the record, she has been unable to locate any arguable issues for appeal. Counsel for appellant has, however, consistent with Anders, set forth the following potential assignments of error for our review:
 {¶ 3} "First Proposed Assignment of Error
 {¶ 4} "The appellant was denied effective assistance of counsel.
 {¶ 5} "Second Proposed Assignment of Error
 {¶ 6} "The trial court erred in accepting appellant's plea of guilty because it was not made knowingly, intelligently, and voluntarily.
 {¶ 7} "Third Proposed Assignment of Error
 {¶ 8} "The trial court erred in sentencing appellant to consecutive sentences.
 {¶ 9} "Fourth Proposed Assignment of Error
 {¶ 10} "The conflict of interest between the sentencing judge and the appellant was prejudicial."
 {¶ 11} Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any *Page 3 
matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 12} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 13} On March 5, 2007, appellant entered pleas of guilty to three charges in Williams County Common Pleas case No. 06CR169 and one charge in Williams County Common Pleas case No. 06CR192. In case No. 06CR169, appellant pled guilty to one count of aggravated burglary in violation of R.C. 2911.11(A)(1), one count of rape with a firearm specification in violation of R.C. 2907.02(A)(2), and one count of kidnapping in violation of R.C. 2905.01(A)(4), all first degree felonies. In exchange for his plea, the state agreed to move to dismiss four additional charges in case No. 06CR169: aggravated burglary with a firearm specification, two counts of rape with firearm specifications, and an additional count of kidnapping with a firearm specification, all first degree felonies. *Page 4 
The state also agreed to move to dismiss the firearm specifications that were attached to the charges of aggravated burglary and kidnapping to which appellant was pleading guilty. In case No. 06CR192, appellant pled guilty to one count of burglary, in violation of R.C. 2911.12(A)(4) with a firearm specification, a fourth degree felony, and the state agreed to move to dismiss a charge of having a weapon while under a disability, a third degree felony. Before accepting appellant's guilty pleas, the lower court confirmed with appellant his understanding of the plea agreement and the sentences that he was facing. During this colloquy, appellant stated that he understood he was facing an aggregate prison sentence of 30 years and that the terms on the individual charges would be served consecutively. The court also explained that appellant was not eligible for judicial release and that, upon his release from prison, appellant would be subject to post release control. The court explained post release control in detail. Next, the court informed appellant of the constitutional rights he was waiving by entering the guilty pleas. After appellant acknowledged that he understood those rights and that he was waiving them, the court found that appellant had been informed of and understood his constitutional rights and made a knowing, intelligent and voluntary waiver of those rights. The court then accepted appellant's pleas and found him guilty of the charges as stated.
 {¶ 14} The case then proceeded to a sentencing hearing. Consistent with the agreement reached by the state and appellant, the court sentenced appellant to nine years incarceration on the aggravated burglary charge, nine years incarceration on the rape charge plus three years mandatory time on the firearm specification, nine years *Page 5 
incarceration on the kidnapping charge, and 17 months on the burglary charge. The court further ordered that the terms on the aggravated burglary, rape and kidnapping charges be served consecutively to and after appellant served the three year term on the firearm specification. Finally, the court ordered that the 17 month term on the burglary charge be served concurrently to the terms imposed on the other charges. Accordingly, the lower court imposed an aggregate sentence of 30 years imprisonment.
 {¶ 15} We will first address the second proposed assignment of error in which appellant questions whether the trial court erred in accepting his guilty pleas.
 {¶ 16} Before accepting a plea of guilty, Crim.R. 11(C)(2) demands that the trial court inform a defendant of the constitutional rights he is waiving by entering the plea. In that regard, the rule provides:
 {¶ 17} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 18} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 19} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. *Page 6 
 {¶ 20} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 21} The underlying purpose of Crim.R. 11(C) is to insure that certain information is conveyed to the defendant which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty. State v. Ballard (1981), 66 Ohio St.2d 473, 479-480. With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). State v. Colbert (1991),71 Ohio App.3d 734, 737. However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. Ballard, supra, paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. Id.
 {¶ 22} For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted.State v. Stewart (1977), 51 Ohio St.2d 86. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving."State v. Nero (1990), 56 Ohio St.3d 106, 108. *Page 7 
 {¶ 23} We have thoroughly reviewed the transcript from the hearing below and conclude that the trial court strictly complied with the constitutional aspects of Crim.R. 11(C) and substantially complied with the nonconstitutional aspects of that rule in accepting appellant's guilty pleas. As appellant entered his pleas knowingly, intelligently and voluntarily, the court did not err in accepting the pleas and the second potential assignment of error is not well-taken.
 {¶ 24} In his third proposed assignment of error, appellant questions the legality of his consecutive sentences in light of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. As noted above, in imposing the consecutive sentences on appellant, the court was following the agreement reached between appellant and the state. R.C. 2953.08(D) reads: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Thus, under this statute, an appellate court has a limited ability to review agreed upon/jointly recommended sentences. State v. Spurling, 1st Dist. No. C-060087,2007-Ohio-858, ¶ 15. A sentence is authorized by law when it is within the statutory range of available sentences. State v. Baker, 6th Dist. No. WD-05-033, 2006-Ohio-3611, ¶ 5. As a result, R.C. 2953.08 precludes an appellate court from engaging in a review of any agreed sentence so long as it is within the statutory range, even if Foster is implicated.State v. Simmons, 1st Dist. No. C-050817, 2006-Ohio-5760, ¶ 4, citingState v. Jackson, 8th Dist. No. 86506, 2006-Ohio-3165, ¶ 51-53. *Page 8 
 {¶ 25} In the present case, appellant was sentenced for three first degree felonies and a firearm specification. The statutory range for a first degree felony is three to ten years imprisonment. R.C.2929.14(A)(1). The firearm specification requires a mandatory three year term of imprisonment. R.C. 2929.14(D)(1)(a)(ii). The sentences agreed to by appellant and the state and imposed by the trial court were therefore authorized by law. Moreover, because post-Foster, sentencing courts need not give their reasons for imposing consecutive sentences, the consecutive nature of appellant's sentences was also authorized by law. The third proposed assignment of error is therefore not well-taken.
 {¶ 26} In his fourth proposed assignment of error, appellant questions whether, because the sentencing judge was the prosecuting attorney at the time of the offenses herein, there was a conflict of interest between appellant and the judge and whether that was prejudicial to his case.
 {¶ 27} Whatever perceived conflict of interest that the sentencing judge may have had was not raised during the proceedings below by appellant's filing an affidavit of disqualification with the Supreme Court of Ohio. R.C. 2701.03. Moreover, given that the sentencing judge imposed the sentence that was agreed upon by appellant and the state, we fail to see how appellant was prejudiced by the alleged conflict of interest. The fourth proposed assignment of error is not well-taken.
 {¶ 28} Finally, in his first proposed assignment of error, appellant questions whether he received the effective assistance of trial counsel because his counsel made an *Page 9 
agreement with the state that included consecutive sentences and because his counsel failed to raise the issue of the sentencing judge's conflict of interest.
 {¶ 29} The United States Supreme Court has devised a two-prong test to determine claims of ineffective assistance of counsel. Strickland v.Washington (1984), 466 U.S. 668, 687. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, the defendant must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. Id. Second, he must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove any one prong of theStrickland test makes it unnecessary for a court to consider the other prong. State v. Madrigal (2000), 87 Ohio St.3d 378, 389, citingStrickland at 697. Moreover, when a defendant enters a guilty or no contest plea, he waives the right to claim that he was prejudiced by constitutionally ineffective counsel, unless the conduct complained of is shown to have prevented the defendant from making a knowing and voluntary plea. State v. Barnett (1991), 73 Ohio App.3d 244, 248-249. In Ohio, a properly licensed attorney is presumed competent. State v.Lott (1990), 51 Ohio St.3d 160, 174.
 {¶ 30} As we discussed above, appellant's pleas were knowing, voluntary and intelligent. Appellant entered guilty pleas to four offenses in the two cases being heard by the court. The court fully complied with Crim.R. 11(C)(2) in accepting the pleas. Appellant was notified of the sentences he faced. The court then imposed the sentences *Page 10 
negotiated by appellant's trial counsel and the state and to which appellant agreed. We see nothing in the alleged instances of ineffectiveness which would lead us to conclude that appellant's plea was anything but knowing and voluntary. Accordingly, the first potential assignment of error is not well-taken.
 {¶ 31} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., Arlene Singer, J., William J. Skow, J. CONCUR.
 *Page 1