DECISION AND JUDGMENT
{¶ 1} This appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas following appellant's guilty plea to four counts of failure to comply. Because we conclude that the trial court did not err in imposing sentence and appellant received effective assistance of counsel, we affirm. *Page 2 
 {¶ 2} Appellant, Joshua J. Parish, was originally indicted on two counts of domestic violence, in violation of R.C. 2919.25(A); one count of abduction, in violation of R.C. 2905.02(A)(1) and one count of failure to comply, in violation of R.C. 2921.331(B) (as a third degree felony). The charges stemmed from appellant's alleged alcohol use, alleged flight from police after a domestic violence incident involving an alleged assault on his girlfriend, and alleged theft of her vehicle. Pursuant to a plea agreement, appellant pled guilty to one count of failure to comply, in violation of R.C. 2921.3331(B) and (C)(4), a fourth degree felony under a bill of information. The original indictment was dismissed. The court sentenced appellant to 18 months incarceration.
 {¶ 3} Appellant now appeals from that judgment arguing the following two assignments of error:
 {¶ 4} "I. The trial court's decision to impose a maximum sentence was an abuse of discretion.
 {¶ 5} "II. Defendant-Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 I. {¶ 6} In his first assignment of error, appellant argues that the trial court erred by imposing the maximum sentence for his convictions.
 {¶ 7} An appellate court reviews felony sentences for an abuse of discretion. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. An *Page 3 
abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 8} Trial courts "are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra. Consequently, a sentence which falls within the sentencing range is generally within the court's discretion. Id. The sentencing range for a fourth degree felony is six to eighteen months. R.C. 2929.14(A)(4).
 {¶ 9} Nonetheless, R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors, must still be considered by trial courts in sentencing offenders. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender."
 {¶ 10} R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *Page 4 
Finally, R.C. 2929.12 sets forth factors concerning the seriousness of the offense and recidivism factors.
 {¶ 11} In this case, the presentence investigation ("PSI") report indicates that several factors found in R.C. 2929.12(D)(1)-(5) indicated that appellant was more likely to commit future crimes: the offender was on active probation when he committed the offense, (D)(1); offender has a history of criminal convictions, (D)(2); the offender has not responded favorably to sanctions previously imposed (D)(3); the offender has demonstrated a pattern of drug or alcohol abuse related to the offense and offender refuses to acknowledge that pattern or refuses treatment for the drug or alcohol abuse, (D)(4); and the offender shows no genuine remorse for the offense, instead giving reasons and excuses, (D)(5). Only one factor indicated that appellant was not likely to commit future offenses, which was that he had not been adjudicated a delinquent child prior to committing the offense. See R.C. 2929.12(E).
 {¶ 12} The court is presumed to have considered only relevant information and circumstances, including the PSI report. Although the court may have also considered factors which are designated under the third degree felony status, we cannot say that those factors could not be appropriately considered when imposing sentence for the fourth degree felony level. Although appellant was sentenced to the maximum time permitted, appellant's history and the information in the PSI report support the trial court's sentence. Therefore, we cannot say that the court abused its discretion in imposing a term of 18 months incarceration. *Page 5 
 {¶ 13} Accordingly, appellant's first assignment of error is not well-taken.
 II. {¶ 14} In his second assignment of error, appellant contends that he did not receive effective assistance of counsel pursuant to the United States and Ohio Constitutions.
 {¶ 15} To demonstrate ineffective assistance of counsel, an accused must satisfy both parts of a two-prong test. Strickland v.Washington (1984), 466 U.S. 668, 687. The defendant must first show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. Id. Second, the accused must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove either prong of the Strickland test is fatal to a claim of ineffective assistance. State v. Madrigal, 87 Ohio St.3d 378, 389, citing Strickland, supra.
 {¶ 16} In addition, in Ohio, a properly licensed attorney is presumed competent. State v. Smith (1985), 17 Ohio St.3d 98, 100, citingVaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301. Furthermore, a claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary.State v. Coulon, 6th Dist. No. WM-07-006, 2007-Ohio-7096, ¶ 29, citingState v. Barnett (1991), 73 Ohio App.3d 244, 248.
 {¶ 17} In this case, appellant does not argue that his guilty plea was involuntary. Nothing in the record indicates that appellant suffered from a mental health disorder or that it impaired his representation by counsel. In addition, appellant has not provided a *Page 6 
transcript of the guilty plea hearing for review. Consequently, we must presume the regularity of the trial court's proceedings and that the plea was knowingly, voluntarily, and intelligently entered. SeeKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Therefore, we cannot say that appellant was denied effective assistance by counsel.
 {¶ 18} Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 19} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1