JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Nakia Hicks appeals the trial court's imposition of a maximum sentence. Hicks assigns the following errors for our review:
 "I. The sentence imposed by the trial court, though it was within the statutory range, was manifestly disproportionate to the crimes committed by the defendant, and was, therefore, contrary to law.
 "II. The trial court failed to properly consider the principles of sentencing and recidivism of the offender in sentencing appellant to eight years in prison.
 "III. The defendant was denied effective assistance of counsel."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On June 27, 2007, the Cuyahoga County Grand Jury indicted Hicks on two counts of theft with elderly victim specification attached. The grand jury also indicted Hicks on sixty-two counts of forgery with elderly victim specification attached. The charges stemmed from Hicks's conduct from March 2006 through November 2006, while working as an in-home health care provider for Elias and Elaine Friedman. The indictment alleged that Hicks stole approximately $54,000 from the elderly couple by forging and uttering checks. At her arraignment, on July 12, 2007, Hicks pleaded not guilty to the charges.
 {¶ 4} On October 3, 2007, pursuant to a plea agreement with the State of Ohio, Hicks withdrew her previously entered not guilty pleas and pleaded guilty to one count of theft with elderly victim specification attached, a second degree felony. Hicks also pleaded guilty to ten counts of forgery with elderly victim specification attached, all fourth degree felonies. In *Page 4 
addition, Hicks agreed to restitution in the amount of $54,000. Pursuant to the plea agreement, the State of Ohio dismissed the remaining charges.
 {¶ 5} On November 19, 2007, Hicks appeared before the trial court for sentencing. At the hearing, the prosecuting attorney indicated that Hicks had a lengthy criminal record. The prosecuting attorney also indicated that Hicks used her position of trust to steal $54,000 from two elderly people over a period of eight months.
 {¶ 6} Amy Broman, the victims' daughter, also addressed the court. Broman indicated that her father and mother, age eighty-seven and age eighty-six respectively, with histories of heart problems, both became depressed after they discovered Hicks's betrayal. Broman also indicated that immediately after Hicks was hired, Hicks called Broman and her sister, who both live out of state, and insisted that their father needed twenty-four hour care. Broman and her sister persuaded their parents to retain Hicks on a twenty-four hour basis. In addition, Broman indicated that her parents treated Hicks like a member of the family.
 {¶ 7} Finally, Broman read a letter her mother, who was not present, had written to the court. The letter reads in pertinent part as follows:
 "It's just a year ago that my husband and I found out that Nakia Hicks made us her victims by stealing. She took a great deal of money. She cheated and lied when every day she said she loved us. I have always trusted people and we were both absolutely shocked. She took money, but she was a caregiver living in our home and that is a real betrayal. To this day, it leaves us frightened and sad and less trusting. I did not come to this court today because I never wanted to see Nakia Hicks again."[1] *Page 5 
 {¶ 8} Hicks addressed the court, apologized to Broman, and expressed remorse that she had betrayed the trust of Elias and Elaine Friedman.
 {¶ 9} The trial court sentenced Hicks to a prison term of eight years on the theft count and to one year on each of the ten counts of forgery. The trial court ordered the sentences to be served concurrently.
 Maximum Sentences {¶ 10} Because of the substantial interrelationship between Hicks's first two assigned errors, we shall address them together. Hicks argues the trial court's imposition of a maximum sentence was disproportionate to the crimes committed. We disagree.
 {¶ 11} In State v. Foster, [2] the Ohio Supreme Court held that judicial fact-finding to overcome a maximum sentence is unconstitutional in light of Blakely v. Washington.[3] The Foster court severed and excised, among other statutory provisions, R.C. 2929.14(C), because imposing maximum sentences requires judicial fact-finding.[4]
 {¶ 12} "After the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or *Page 6 
admission of the defendant."[5] As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive, or more than the minimum sentence."[6]
 {¶ 13} Thus, post-Foster, we now apply an abuse of discretion standard in reviewing a sentence that is within the statutory range.[7]
 {¶ 14} An abuse of discretion is more than an error in judgment or law; it implies attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable.[8] Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.[9]
 {¶ 15} In the instant case, Hicks concedes that her sentence was within the statutory range. However, Hicks claims that the sentence imposed was disproportionate to the crimes committed. We are not persuaded. *Page 7 
 {¶ 16} In Foster, [10] the Ohio Supreme Court held that R.C. 2929.11
must still be followed by trial courts when sentencing offenders. The Court held that R.C. 2929.11 does not mandate judicial fact-finding; rather, the trial court is merely to "consider" the statutory factors set forth in this section prior to sentencing.[11]
 {¶ 17} R.C. 2929.11(A) provides that a trial court that sentences an offender for a felony conviction must be guided by the "overriding purposes of felony sentencing."[12] Those purposes are "to protect the public from future crime by the offender and others and to punish the offender."[13] R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.[14]
 {¶ 18} We have previously held that judicial fact-finding is not required under R.C. 2929.11.[15] Thus, trial courts must merely "consider" the statutory factors before imposing *Page 8 
sentence.[16] Further, a comparison of similar cases was not mandated under R.C. 2929.11(B), noting that "[e]ach case is necessarily, by its nature, different from every other case just as every person is, by nature, not the same."[17]
 {¶ 19} In the instant case, the record indicates that Hicks took advantage of her trusted position as an in-home health care provider to steal $54,000 from two elderly people over the course of only eight months. The record also indicates that prior to sentencing, Hicks had only repaid $1,000 to the victims. Prior to sentencing Hicks, the trial court stated:
 "You know, your record, your behavior, you are a con artist. Yeah, you did it before. And you had a birth certificate made up in your daughter's name to get a house. And a passing bad checks case. You take advantage wherever you can and you took advantage of the situation of two elderly people, both of whom put their trust in you. Their daughters put their well-being and healthcare in your hands and you abused it. There is no explanation, no apologies. You can't do anything. You can't un-ring a bell and you rang a big bell here. And I have an elderly mother and I'll go through this situation. All of us will face this situation. And you took advantage of it."[18]
 {¶ 20} Here, it is clear from the above excerpt, and elsewhere in the record, that the trial court considered the overriding purposes of felony sentencing. Since the trial court followed the statutory process for felony sentencing, the sentence imposed is within the statutory range for Hicks's convictions, and the record is devoid of any evidence of *Page 9 
inconsistency or disproportionality, we find that her sentence is supported by the record and not contrary to law.
 {¶ 21} Further, we find no abuse of discretion in the trial court's determination to impose a maximum sentence. Accordingly, we overrule the first and second assigned errors.
 Ineffective Assistance of Counsel {¶ 22} In the third assigned error, Hicks argues defense counsel was ineffective by failing to adequately prepare for a difficult sentencing. We disagree.
 {¶ 23} To demonstrate ineffective assistance of counsel, an accused must satisfy both parts of a two-prong test.[19] The defendant must first show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by theSixth Amendment to the United States Constitution.[20] Second, the accused must establish that counsel's "deficient performance prejudiced the defense."[21] The failure to prove either prong of the Stricklandtest is fatal to a claim of ineffective assistance.[22] *Page 10 
 {¶ 24} In addition, in Ohio, a properly licensed attorney is presumed competent.[23] Furthermore, a claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary.[24]
 {¶ 25} In the instant case, Hicks does not argue that her guilty pleas were involuntary. The record also indicates that defense counsel attempted to cast Hicks's prior criminal history in the least negative manner by indicating that most of the offenses were misdemeanors.
 {¶ 26} In addition, defense counsel indicated that Hicks had repaid $1,000, and that Hicks's family was fervently trying to raise more money to repay the victims. Further, defense counsel indicated that Hicks had a lot of family support, and many of them were present in court. Finally, defense counsel indicated that Hicks had conveyed to him that she had made a tragic mistake.
 {¶ 27} In accordance with the foregoing facts and law, we conclude that Hicks was not denied the effective assistance of counsel. Accordingly, we overrule the third assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 11 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and MELODY J. STEWART, J., CONCUR
[1] Tr. 16-17.
[2] 109 Ohio St.3d 1, 2006-Ohio-856.
[3] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[4] Id., applying United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621, Blakely, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
[5] Id. at ¶ 99.
[6] Foster at paragraph seven of the syllabus; State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, at paragraph three of the syllabus.
[7] State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912. See, also,State v. Lindsay, 5th Dist. No. 06CA0057, 2007-Ohio-2211;State v. Parish, 6th Dist. No. OT-07-049, 2008-Ohio-5036; State v.Bunch, 9th Dist. No. 06 MA 106, 2007-Ohio-7211; andState v. Haney, 11th Dist. No. 2006-L-253, 2007-Ohio-3712.
[8] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[9] State v. Murray, 11th Dist No. 2007-L-098,2007-Ohio-6733, citing Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, 1993-Ohio-122.
[10] 109 Ohio St.3d 1, 2006-Ohio-856.
[11] Id.
[12] State v. McCarroll, Cuyahoga App. No. 89280, 2007-Ohio-6322.
[13] Id.
[14] Id.
[15] See State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341.
[16] See Foster.
[17] State v. Wheeler, 6th Dist. No. L-06-1125,2007-Ohio-6375. See, also, State v. Donahue, 6th Dist. No. WD-03-083,2004-Ohio-7161.
[18] Tr. 21.
[19] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674.
[20] Id.
[21] Id.
[22] State v. Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, citingStrickland, supra.
[23] State v. Smith (1985), 17 Ohio St.3d 98, 100.
[24] State v. Coulon, 6th Dist. No. WM-07-006, 2007-Ohio-7096, citingState v. Barnett (1991), 73 Ohio App.3d 244, 248. *Page 1