JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Cassandra Bishop (Bishop), pro se, appeals the trial court's denial of her petition to vacate or set aside judgment of conviction or sentence. For the following reasons, we affirm.
 {¶ 2} This cause is an accelerated appeal. App. R. 11.1, which governs accelerated calendar cases, provides in pertinent part:
 "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be made by judgment entry in which case it will not be published in any form."
 {¶ 3} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 4} On July 2, 2007, Bishop pleaded guilty to one count of drug trafficking, a felony of the third degree. On August 6, 2007, the trial court sentenced Bishop to one year of community control sanctions.
 {¶ 5} Bishop never filed a direct appeal. However, on February 28, 2008, she filed a petition to vacate or set aside the judgment of conviction or sentence. The trial court treated her petition as one for postconviction relief and denied her petition on July 2, 2008. This appeal followed. In the interest of judicial economy, we address her assignments of error together.
ASSIGNMENT OF ERROR NUMBER ONE *Page 4 "The trial court erred when it overruled appellant's petition determining probable cause for belief that certain articles subject to seizure in dwelling justified search without warrant of the residence at 17912 Maple Heights Blvd., which search was not authorized by warrant that was based on probable cause."
ASSIGNMENT OF ERROR NUMBER TWO "The trial court erred when it overruled appellant's petition determining that appellant received effective assistance of counsel."
 {¶ 6} Ordinarily, constitutional issues that should have been raised at trial or through direct appeal are barred by res judicata. State v.Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, stating "[u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or couldhave been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." (Emphasis in original.)
 {¶ 7} However, "[a]s long as no direct appeal was taken, or the claim of incompetent counsel was not raised and adjudicated on a direct appeal, res judicata does not bar the application of this issue in post-conviction proceedings." State v. Cooperrider (1983),4 Ohio St.3d 226, quoting State v. Gibson (1980), 69 Ohio App.2d 91, 99. *Page 5 
 {¶ 8} Based upon the foregoing, Bishop is unable to assert her first assignment of error in postconviction relief proceedings, since it relates directly to the constitutional issue of probable cause necessary to effectuate the search of her home under the Fourth Amendment. Under the rule established in Perry, supra, the Fourth Amendment issue could have been raised at trial or upon direct appeal. It is therefore barred by res judicata. Based upon the rule established inCooperrider, however, we may consider Bishop's ineffective assistance of counsel claim.
 {¶ 9} To establish a claim for ineffective assistance of counsel, Bishop must show that her counsel's performance was deficient and that deficiency prejudiced her defense. Strickland v. Washington (1984),466 U.S. 688, 104 S.Ct. 2052; State v. Bradley (1989), 423 Ohio St.3d 136,538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. However, under Strickland, our scrutiny of an attorney's work must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. Within this context, Bishop must show that her counsel's performance prejudiced her defense to the extent that, but for counsel's errors, the result of the trial would have been different. Id. at 690-691.
 {¶ 10} Bishop argues that her counsel's performance was deficient to the extent that he failed to challenge the search warrant executed upon her home *Page 6 
through a motion to suppress. She further argues that counsel failed to interview her codefendant. However, it is difficult to discern how either act would have changed matters in the court below underStrickland, since Bishop pled guilty before a motion to suppress was filed. "[A] claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary." State v. Hicks, Cuyahoga App. No. 90804,2008-Ohio-6284, at ¶ 24.
 {¶ 11} Bishop does not challenge the validity of her plea, only her counsel's conduct with respect to the probable cause issue in the court below. Since nothing in the record indicates that counsel's ineffective assistance rendered Bishop's plea involuntary, under Hicks, her plea remains valid. As such, it vitiates her claim that counsel should have filed a motion to suppress. Id.
 {¶ 12} Under Strickland, we will not second guess the tactics of trial counsel after conviction. Summary conclusions that a specific act or omission was deficient are at odds with the presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and in any case, such conjecture is mooted by her guilty plea, which waives any ineffective assistance of counsel claim.Strickland at 688; Hicks, supra.
 {¶ 13} Bishop's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed. *Page 7 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and LARRY A. JONES, J., CONCUR.
 *Page 1